1 | DINAH CRUZ
2 | 497 CONEJO AVE.
  | MOUNTAIN HOUSE, CA 95391
3 | (209) 835 – 3881
  | NO FAX, NO E-MAIL
4
5 | PLAINTIFF, IN PRO SE
6
7
8 |           UNITED STATES DISTRICT COURT
9 |         CENTRAL DISTRICT OF CALIFORNIA
10 |              CENTRAL DIVISION
11
12 |                          CV 10 - 08685 RSWL (FMOx)
13 | 1. DINAH CRUZ,               ) Case No.:
                                  )
14 |          Plaintiff,          )
                                  ) **PLAINTIFF'S APPLICATION FOR**
15 |          vs.                 ) **TEMPORARY RESTRAINIG ORDER AND**
                                  ) **ORDER TO SHOW CAUSE RE PRELIMINARY**
16 | 1. NDEX WEST LLC,            ) **INJUNCTION; MEMORANDUM OF POINTS**
                                  ) **AND AUTHORITIES IN SUPPORT**
17 | 2. PRIORITY POSTING & PUBLICATION ) **THEREOFF; DECLARATION OF DINAH**
                                  ) **CRUZ**
18 |          Defendants          )
                                  )
19
20
21
22
23
24 | Plaintiff **DINAH CRUZ,** an individual in pro per, motion for the court
25 | for a temporary restraining order, restraining and enjoining NDEX WEST
26 | LLC and PRIORITY POSTING & PUBLICATION its agents, employees,
27 | attorneys, and all persons in active concert and participation with it
28 | or them, from engaging in or performing any act to deprive Plaintiff

[Application For TRO and Preliminary Injunction] - 1

1  of her residence in and possession of the real property located at **497**

2  **W. CONEJO AVE, MOUNTAIN HOUSE, 95391, SAN JOAQUIN COUNTY, STATE OF**

3  **CALIFORNIA,** including but not limited to setting aside or postponing

4  lock-out eviction proceedings NOVEMBER 15, 2010 at the above-

5  referenced property or from otherwise taking any steps whatsoever to

6  deprive Plaintiff of her residence in and possession of the property

7  or to impair or degrade the value of the property, pending a hearing

8  on the Order to Show Cause re Preliminary Injunction requested herein.

9        Unless this application is granted, Plaintiff will suffer

10 immediate and irreparable injury, loss, and damage if she is evicted

11 from her home before a hearing can be had on the Order to Show Cause,

12 as more fully set forth in Plaintiff's complaint, and in the

13 Declaration of **DINAH CRUZ** attached hereto.

14

15 **Dated this 12th Day of November 2010.**

16

17

18

19

20                                      DINAH CRUZ

21                                   Plaintiff, In Pro Se

22

23

24

25

26

27

28

[Application For TRO and Preliminary Injunction] - 2

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  1. Plaintiff **DINAH CRUZ** hereinafter ("Plaintiff"), individual in Pro

3     Per, submit these points and authorities in support of her

4     Application for Temporary Restraining Order ("TRO") and Preliminary

5     Injunction, set forth in the Complaint in the instant action, filed

6     concurrently herewith.

7

8                          *I. INTRODUCTION*

9  2. Defendants NDEX WEST LLC and PRIORITY POSTING & PUBLICATION

10    foreclosed upon Plaintiff's property without legal right, and if

11    Plaintiff is evicted from her property before that issue is

12    adjudicated by the Court, Plaintiff will be left with no adequate

13    remedy at law. Of course, there are compelling issues raised in

14    Plaintiff's complaint, at grounds on which the legal title in

15    Plaintiff's home should be restored to her but the simple point is

16    most egregious and compelling basis for the requested temporary

17    restraining order ("TRO") and preliminary and permanent injunction.

18    Immediate injunctive relief is imperative in this case because

19    without an order from this Court, NDEX WEST LLC and PRIORITY POSTING

20    & PUBLICATION will be permitted to complete its outright

21    misappropriation of Plaintiff's home. The pertinent facts, as

22    alleged in Plaintiff's Complaint filed concurrently herewith, are as

23    follows.

24

25

26                       ***A. Factual Background***

27    1. Immediate injunctive relief is warranted in this action because

28  Plaintiff expects to be evicted from her home by the San Joaquin

1   County Sheriff's Department at any time. Defendants NDEX WEST LLC and

2   PRIORITY POSTING & PUBLICATION prevailed at an unlawful detainer

3   proceeding as to the Property, and as a result, a writ of possession

4   issued in favor of said Defendant[1]. Plaintiff expects the five-day

5   "lock-out" notice to be posted and/or re-issued at any time. However,

6   Plaintiff contends that the foreclosure sale itself should be set

7   aside, for the reasons set forth in the instant Complaint.

8      2. If injunctive relief is not allowed the opportunity to reasonably

9   reinstate their loan, Plaintiff may be evicted from her home before

10   the Court has the opportunity to adjudicate the issues raised herein,

11   and they would thus be deprived of any adequate remedy for the wrongs

12   committed by the Defendants. Moreover, if Plaintiff was forced to move

13   from her home, it would subject her to the irreparable harm of public

14   humiliation and loss of reputation in the community in which she lives

15   and works. If subsequent eviction proceeds, Plaintiff does not know

16   where she would live and could be out on the street. Given the fact

17   that at every stage of these events, from the loan origination to the

18   foreclosure sale, Defendants have misled Plaintiff and acted to her

19   detriment, and given the fact that Plaintiff contends that NDEX WEST

20   LLC and PRIORITY POSTING & PUBLICATION have no right to foreclose on

21   the Property, any subsequent action brought by any of the Defendants

22   will essentially be fraudulent upon the court.

23

24

25

26

27

28

---

[1] The issues raised herein were not considered by the Court in the unlawful detainer proceedings, and are therefore not subject to *res judicata*. Defendant Francis did attempt to raise certain issues that are also raised herein in defense of the unlawful detainer, but the court denied this effort, on the grounds that the available defenses in an unlawful detainer action are strictly limited, and the issues should be addressed in a separate suit against WMC MORTGAGE.

[Application For TRO and Preliminary Injunction] - 4

1     3. The Property is unique. Therefore, should be requested injunctive

2  relief not to be granted, Plaintiff will suffer irreparable injury for

3  which there is no adequate remedy in law when she is forcibly evicted

4  from her home and NDEX WEST LLC and PRIORITY POSTING & PUBLICATION

5  proceed to sell the Property to a third party, who may then be a bona

6  fide purchaser for value, causing the Property to be lost to Plaintiff

7  forever.

8

9  **ARGUMENT**

10    ***A.Defendants NDEX WEST LLC and PRIORITY POSTING & PUBLICATION***

11  ***foreclosed on the Property despite its failure to comply with Cal Civ***

12  ***Pro  §2923.5.***

13     4. As noted, NDEX WEST LLC and PRIORITY POSTING & PUBLICATION have

14  never established proof that it was entitled to perform the non-

15  judicial foreclosure under *Cal Civ Pro  §2924.* NDEX WEST LLC and

16  PRIORITY POSTING & PUBLICATION expect to accomplish their remarkable

17  feat by virtue of the non-judicial foreclosure and unlawful detainer

18  procedures in effect in California. These procedures are designed to

19  facilitate expeditious and inexpensive resolution of foreclosures,

20  while imposing a minimal burden on judicial resources.

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //

1    5. Not coincidentally, these systems were also designed and

2  implemented before the events now becoming commonly known as "the

3  mortgage meltdown"[2] had developed. Unfortunately, now that the

4  "mortgage meltdown" is upon us, California's well-intentioned systems

5  leave a wide path for unscrupulous—or even merely injudicious and

6  sloppy purported "beneficiaries". By virtue of California's systems,

7  entities may falsely claim to be beneficiaries by assignment-whether

8  the false representation is intentional or negligent-and then commence

9  to take unfair advantage of the expedited foreclosure and unlawful

10  detainer procedures to avoid the consequences of their misconduct and

11  to profit thereby.

12    6. NDEX WEST LLC and PRIORITY POSTING & PUBLICATION have never

13  established proof that it was entitled to perform the non-judicial

14  foreclosure under *Cal Civ Pro  §2924.* NDEX WEST LLC and PRIORITY

15  POSTING & PUBLICATION may not have intentionally set out to

16  misappropriate Plaintiff's property, but the documented pattern and

17  course of conduct in similar cases across the country is clear and

18  well-established, and demonstrates Defendants' reckless disregard for

19  the rights of hapless homeowners who cross its path. Trustees through

20  its governing pooling and servicing agreements are notorious

21  nationwide for seeking to foreclose upon property as to which it is

22  not entitled to enforce as a security interest, or, at a minimum, as

23  to which it cannot legally establish such entitlement.

24

25

26

27    [2] "Mortgage Meltdown" refers to the ongoing financial crisis triggered by a dramatic rise in mortgage delinquencies and foreclosures in the United States, with major adverse consequences for banks and financial markets around the globe. The crisis, which has its roots in the closing years of the 20th century, became apparent in 2007 and has exposed pervasive weaknesses in

28  financial industry regulation and the global financial system.

7. Nevertheless, in California, entities such as Defendants still blithely proceeded to foreclose on the property without virtue of recorded assignment of beneficial interest, and without producing any evidence of its status as a beneficiary. Defendants intend to rely on and manipulate California's expedited non-judicial foreclosure and unlawful detainer systems to quickly and cheaply obtain property at the expense of homeowner victims who generally lack the legal and financial wherewithal to challenge their actions.

8. In this case, NDEX WEST LLC and PRIORITY POSTING & PUBLICATION have never established proof that it was entitled to perform the non-judicial foreclosure under *Cal Civ Pro* §*2924*. NDEX WEST LLC and PRIORITY POSTING & PUBLICATION apparently maintain that they somehow acquired the beneficial interest under the Deed of Trust as some point between February 2010 and October 2010. Matters such as how this came about, who purportedly assigned the interest, when such assignment may have occurred, and under what circumstances are all left entirely to the imagination. In the absence of direct evidence, the only recourse is to rely on assumptions that such entities are entitled to such assignments of equity and the powers that lie within. However, with such power and responsibility come its requirements that must be adhered to upon execution. Namely that which was established in February of 2010 which compels entities such as NDEX WEST LLC and PRIORITY POSTING & PUBLICATION have never established proof that it was entitled to perform the non-judicial foreclosure under *Cal Civ Pro* §*2924*. NDEX WEST LLC and PRIORITY POSTING & PUBLICATION to complete their due diligence in assisting borrowers such as the Plaintiff in avoiding foreclosure through modification or Federal programs made available to persons in his financial situation.

1   9. NDEX WEST LLC and PRIORITY POSTING & PUBLICATION have never

2  established proof that it was entitled to perform the non-judicial

3  foreclosure under *Cal Civ Pro  §2924.* NDEX WEST LLC and PRIORITY

4  POSTING & PUBLICATION simply made the statement that it had complied

5  with the requirements of Cal Civ Pro §2923.5 which states, in

6  pertinent part:

7         1.*"(a)(1) A mortgagee, trustee, beneficiary, or authorized*

8             *agent may not file a notice of default pursuant to section*

9             *2924 until 30 days after contact is made as required by*

10            *paragraph (2) or 30 days after satisfying the due diligence*

11            *requirements as described in subdivision (g)."*

12 However, no proof has ever been submitted that there was any such

13 compliance. Plaintiff contends that her personal attempts to take

14 advantage of opportunities afforded by the available Government

15 programs were futile as Defendant gave the impression that they would,

16 in no way, qualify for such benefits.

17      10. Plaintiff's allegations in this complaint are clear and a

18 trial will be able to determine a clear violation of rights in

19 Plaintiffs' case.

20      //

21      //

22      //

23      //

24      //

25      //

26      //

27

28

[Application For TRO and Preliminary Injunction] - 8

**B. Defendant relied on Plaintiff's ignorance of any requirements of due diligence and overall inability to argue her rights in order to accelerate the foreclosure process.**

     11. California, of course, is a non-judicial foreclosure state. Accordingly, unless a homeowner takes affirmative steps to sue the foreclosing party, the first time he or she will meet the foreclosing party in court is at an unlawful detainer hearing. As Judge Boyko observed, most homeowners facing foreclosure do not have wherewithal to bring such an action:

     1. *"Typically, the homeowner who finds himself/herself in financial straits... is not interested in testing state or federal jurisdictional requirements, either pro se or through counsel. Their focus is either, 'how do I save my home,' or 'if I have to give it up, I'll simply leave and find somewhere else to live".*[3]

---

[3] In re Foreclosure Cases, Nos.1:07CV2282, et al., Amended General Order, No.2006-16, fn.3.

1   12. It is abundantly clear that these entities have a well-earned

2   national reputation for attempting to foreclose without establishing

3   its legal right to do so. Accordingly, Plaintiff's contention that

4   this is precisely what will happen in the instant action is eminently

5   reasonable and believable, and extremely likely to be affirmatively

6   proven at trial.

7

8                    **I. REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF**

9        13. The purpose of a TRO is to preserve the status quo pending a

10  full hearing on a preliminary injunction. *Bronco Wine Co. v. U.S.*

11  *Dept. of Treasury*, 997 F. supra 1309, 1313 (B.D. Cal. 1996). A party

12  seeking a TRO must satisfy the same test that is required for the

13  issuance of a preliminary injunction. *Id.* A party seeking preliminary

14  injunctive relief must show (1) a likelihood of success on the merits,

15  (2) a significant threat of irreparable harm, (3) that the balance of

16  hardships favors the applicant, and (4) whether any public interest

17  favors granting an injunction. *Raich v. Ashcroft*, 352 F.3d 122, 1227

18  (9th Cir. 2003) (*citing Dollar Rent-a-Car of Wash., Inc. v. Travelers*

19  *Indem. Co.*, 774 F.2d 1371, 1374 (9th Cir. 1985)) *vacated and remanded*

20  *on other grounds by Gonzalez v. Raich*, 545 U.S. 1 (2005).

21

22  A. *Plaintiff is likely to Prevail on the Merits of the Case at Trial*

23     14. Plaintiff's Complaint seeks several forms of relief, including

24  the opportunity to assess her ability to qualify for the Federal

25  programs to assist her with her mortgage and avoid the complete loss

26  of her home. One basis for  relief is Plaintiff's contention that NDEX

27  WEST LLC and PRIORITY POSTING & PUBLICATION have never established

28  proof that it was entitled to perform the non-judicial foreclosure

1   under *Cal Civ Pro* §2924. NDEX WEST LLC and PRIORITY POSTING &

2   PUBLICATION failed to consult with her as required by Cal. Civ. Pro.

3   §2923.5 thirty days prior to their enforcement of the security

4   interest on the Deed of Trust, and therefore any default is unlawful

5   and the subsequent foreclosure sale will be void as a matter of law.

6   Plaintiff's claims are hardly farfetched or outlandish, as Plaintiff

7   simply requests what she is rightfully entitled to by law.

8       15. In addition, Plaintiff alleges statutory notice irregularities

9   with the foreclosure sale, Equitable Estoppel and other causes of

10  action which would suffice on her own warrant voiding and setting

11  aside the sale. One purpose of the statutory notice requirements is to

12  protect a trustor from wrongful loss of property. *Melendrez v. D.I.*

13  *Investment*, 127 Cal.App.4th 1238, 1249, 26 Cal.Rptr.3d 413 (2005). By

14  failing to notify Plaintiff of her rights to a formal meeting or other

15  form of review, NDEX WEST LLC and PRIORITY POSTING & PUBLICATION have

16  never established proof that it was entitled to perform the non-

17  judicial foreclosure under *Cal Civ Pro* §2924. NDEX WEST LLC and

18  PRIORITY POSTING & PUBLICATION thwarted her purpose and effectively

19  denied Plaintiff's ability to communicate with the proper parties to

20  investigate and address the alleged default. The appropriate remedy

21  for harm caused by failure to comply with the statutory notice

22  requirements is to void the default and the subsequent trustee's sale.

23

24  B.*Plaintiff Will Suffer Irreparable Harm if Injunctive Relief is not*

25  *Granted*

26      16. Plaintiff is in imminent danger of being evicted from her home,

27  leaving NDEX WEST LLC and PRIORITY POSTING & PUBLICATION have never

28  established proof that it was entitled to perform the non-judicial

1   foreclosure under *Cal Civ Pro* §2924. NDEX WEST LLC and PRIORITY

2   POSTING & PUBLICATION free to transfer the Property to a third party,

3   if they can find a buyer in the current housing market.

4      17. Plaintiff's home is unique, and if it is sold to a third party

5   bona fide purchase, she will not be able to purchase the same home

6   anywhere else. In addition, if Plaintiff is evicted, she would be

7   subject to the irreparable harm of public humiliation and loss of

8   reputation in the community in which she lives and works.

9      18. The imminent prospect of being evicted from and permanently

10  losing her home presents a threat of irreparable harm. See, *Avila v.*

11  *Steams Lending, Inc.*, 2008 WL 1378231 at *3(C.D. Cal. April 7, 2008);

12  *Wrobel v. S.L. pope & Assoc.*, 2007 WL 2345036 at *1 (S.D. Cal. June

13  15, 2007); *Nichols v. Bank of New York Nat. Trust Co.*, 2007 WL

14  4181111, at *3 (S.D. Cal. Nov. 21, 2007).

15

16              *C. The Balance of Hardships Favors Plaintiff*

17     19. The irreparable harm Plaintiff will suffer if she was evicted

18  from her home and if her home is sold to a third party far outweighs

19  any potential harm to Defendants. If injunctive relief is denied, and

20  Plaintiff could have ultimately succeeded on the merits of her claim,

21  Plaintiff will have suffered irreparable harm. On the other hand, if

22  Plaintiff does not succeed on her claim, Defendants NDEX WEST LLC and

23  PRIORITY POSTING & PUBLICATION have never established proof that they

24  were entitled to perform the non-judicial foreclosure under *Cal Civ*

25  *Pro* §2924. NDEX WEST LLC and PRIORITY POSTING & PUBLICATION would be

26  free to take possession of the Property and sell it, if possible in

27  the current market. The only potential harm to Defendants might be

28

1   financial, and even that is only assuming that they would be able to

2   find a buyer for this Property before this case goes to trial.

3       20. Thus, if the Court grants the requested injunctive relief, and

4   Plaintiff does not prevail at trial, Defendants will have suffered

5   minimal harm, if any and certainly no irreparable harm at all. On the

6   other hand without the requested injunctive relief, Plaintiff is in

7   imminent danger of suffering irreparable harm within weeks, if not

8   days, and if this happens she will be left with no adequate legal

9   remedy for such harm.

10                              **III. CONCLUSION**

11      21. Plaintiff respectfully submits that she will have shown that a

12  TRO, and then a preliminary injunction, should issue because while

13  comparatively great and irreparable harm will certainly come from

14  denying the requested relief, only minimal injury-and speculative

15  injury at best-will inure to Defendants if the requested is granted.

16  Further, Plaintiff respectfully submits that on its face, Plaintiff's

17  case has sufficient merit to warrant a finding that the status quo

18  should be preserved until the controversy can be fully adjudicated.

19      22. Plaintiff requests that the Court grant the TRO and then the

20  preliminary injunction to effect the following:

21          1. To restraint and enjoin NDEX WEST LLC and PRIORITY POSTING

22             & PUBLICATION have never established proof that it was

23             entitled to perform the non-judicial foreclosure under *Cal*

24             *Civ Pro* §2924. NDEX WEST LLC and PRIORITY POSTING &

25             PUBLICATION its agents, assigns, employees, officers,

26             attorneys, and representatives, and those in active concert

27             or participation with them, pending trial of their own

28             action, from engaging in or performing any act to deprive

Plaintiff of her residence in and possession of the real property located at **497 W. CONEJO AVE, MOUNTAIN HOUSE, STATE OF CALIFORNIA** including but not limited to setting aside or postponing the lock-out proceedings, at the residence or from otherwise taking any steps whatsoever to deprive Plaintiff of her residence in and possession of the Property or to impair or degrade the value of the Property.

Dated this 12th Day of November 2010

_____

**DINAH CRUZ**

Plaintiff, In Pro Se

[Application For TRO and Preliminary Injunction] - 14