O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8685 VBF (FMOx) | Date | November 13, 2010 |
|---|---|---|---|
| Title | Dinah Cruz v. NDEX West, LLC, *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Denying Plaintiff's *Ex Parte* Request for a Temporary Restraining Order

Before the Court is *pro se* Plaintiff Dinah Cruz's *ex parte* application for a temporary restraining order. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of the application, the Court DENIES the application.

I.   Background

On November 12, 2010, Plaintiff Dinah Cruz ("Cruz") filed this action against Defendants NDEX West, LLC ("NDEX"), and Priority Posting & Publication ("Priority") (collectively, "Defendants") in this Court. The Complaint attempts to assert claims for, *inter alia*, violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635(a). Though difficult to understand, the Complaint alleges that "[o]n or around February 24, 2010," Plaintiff's home was the subject of a non-judicial foreclosure by Defendants. *See Compl*. 3:18-20; *Dinah Decl*.¶ 5. An unlawful detainer action was decided in favor of Defendants in state court, and Plaintiff's present lawsuit is an attempt to rescind the loan on the home, while remaining on the property. *See TRO Application* ¶ 1; *Compl.* 6:12-22.

Also on November 12, 2010, Plaintiff filed this *ex parte* application for a temporary restraining order ("TRO") that would, at the least, postpone the eviction. *See TRO Application* ¶ 2. Additionally, Plaintiff requests that the Court issue an order to show cause why Defendants should not be enjoined from evicting Plaintiff from the property.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8685 VBF (FMOx) | Date | November 13, 2010 |
|---|---|---|---|
| Title | Dinah Cruz v. NDEX West, LLC, *et al.* | | |

II.   Legal Standard

An application for a temporary restraining order must satisfy the same legal standard governing the issuance of a preliminary injunction. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Accordingly, a party seeking a temporary restraining order must establish each of the following elements: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) an advancement of the public interest. *See Winter v. Natural Res. Def. Council*, —U.S.—, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008) (citation omitted).

Additionally, as the Court's standing order indicates, *ex parte* requests will only be entertained by the Court for extraordinary situations and should be used with discretion. *Standing Order* ¶ 10. In particular, to justify *ex parte* relief, the applicant must show (1) that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures and (2) that she is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995).

III.  Discussion

Plaintiff's *ex parte* application for a TRO fails for two reasons: (1) Plaintiff is unable to establish a likelihood of success on the merits of the claims in the Complaint, and (2) Plaintiff is at fault in creating the crisis requiring *ex parte* relief.

First, the Court notes that Plaintiff has not established a likelihood of success on the merits of the claims in the Complaint. The *ex parte* application attempts to establish that the foreclosure sale of Plaintiff's property was invalid under Cal. Civ. Code § 2924. *See TRO Application* ¶ 4. In fact, that is the only reason Plaintiff offers as to why the TRO is justified. Plaintiff's Complaint, however, does not allege a violation of Cal. Civ. Code § 2924, only violations of TILA and 12 C.F.R. 226.23(d)(1). Plaintiff's attempt to show a likelihood of success on the merits of a Cal. Civ. Code § 2924 claim does not establish likelihood of success on the merits of the claims in the Complaint. Moreover, the TILA provision cited in Plaintiff's Complaint gives consumers of a credit transaction the right to rescind for three business days, and 12 C.F.R. § 226.23(d)(1) governs the "[e]ffects of rescission" of certain secured transactions. *See* 15 U.S.C. § 1635(a)(1); 12 C.F.R. § 226.23(d)(1). Without additional information, the Court cannot see how those provisions apply to the purchase of Plaintiff's home

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8685 VBF (FMOx) | Date | November 13, 2010 |
|---|---|---|---|
| Title | Dinah Cruz v. NDEX West, LLC, *et al.* | | |

in early 2010.  Plaintiff has thus failed to establish that success on the merits of the claims in the Complaint is likely.

In addition, the Court observes that Plaintiff knew about the potential for foreclosure as early as February of 2010.  *See Compl*. 3:18-20; *Dinah Decl.*¶ 5.  Despite notice of the impending foreclosure sale, however, Plaintiff waited almost nine months–until November 12, 2010–to file this suit challenging the sale.  Plaintiff does not explain this delay and has therefore failed to demonstrate the absence of fault in creating the crisis that supposedly warrants *ex parte* relief.  *See Mission Power*, 883 F. Supp. at 492.

IV.     Conclusion

Based on the foregoing, the Court DENIES Plaintiff's *ex parte* application for a temporary restraining order.

**IT IS SO ORDERED.**